## LEE v. REEVES et al.

If an insolvent lessee defaulted in payment of the stipulated monthly rent for five months, and without authority removed certain personal property from the leased premises, and the lessor's successors in title thereupon exercised a right, by the terms of the lease, to declare it void, and so notified the lessee in writing, a petition to obtain judgment against the lessee for the unpaid rent, to impound the removed property, to enjoin removal of other property described in the lease, to cancel the lease, and to obtain possession of the premises, was not demurrable for lack of a cause of action for equitable relief, and because of adequate remedy at law.

No. 6681.  August 20, 1928.

Equitable petition. Before Judge Searcy. Upson superior court. June 5, 1928.

*James R. Davis*, for plaintiff in error.

*George H. Miller*, contra.

GILBERT, J. The petition makes the following case: Lee acquired from T. J. Reeves a ten-year lease of a three-acre tract of land on which was located a mill and gin, and agreed to pay $30 per month on the last day of each month during the term of the lease. The contract provided that on failure to pay the rent promptly when due, the lessor had the right and option to declare the lease void, to cancel the same, and to take possession of the premises. T. J. Reeves by warranty deed conveyed the property to petitioners, J. Farley Reeves and Thomas F. Reeves, and assigned to petitioners all unpaid rents under the lease to Lee. Lee

has defaulted in the payment of the rent for five months next preceding the filing of the petition, and petitioners gave written notice that under the provisions of the lease they declared the lease void and canceled, and would, after demand, take legal steps to regain possession. Defendant during the lease has removed specified personal property without authority. The lease contract has been recorded, and is a cloud on petitioners' title. Defendant is insolvent and unable to respond in damages. The prayers are: (1) for judgment for rent at the rate of $30 per month for five months to date of notice, and double that sum after the demand; (2) that the property removed be impounded and held subject to order of the court; (3) that defendant be enjoined from disposing of other property described in the lease; (4) that the lease be canceled; (5) that defendant be required to yield possession to petitioners; and (6) for general relief. The defendant demurred to the petition on the grounds that no cause of action was set forth, that no ground of equitable relief was set forth, that plaintiffs have an adequate remedy at law, that a copy of the deed was not attached to the petition, and that a copy of the lease attached showed no right of action. The demurrer was overruled, and the defendant excepted.

The petition set out a cause of action. Even if there is an adequate remedy at law for some of the relief sought, the petition should not be dismissed if there is a cause of action, either legal or equitable, for any of the relief sought. There are allegations of facts affording ground for some equitable relief, thus furnishing jurisdiction to the court.

*Judgment affirmed. All the Justices concur.*